# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                              No. 4:13CR00068-01 JLH

KENNETH EUGENE BROWN, JR.,
a/k/a "ICE MAN," a/k/a "BJ"                                                 DEFENDANT

## OPINION AND ORDER

Kenneth Brown, Jr., and 10 co-defendants are charged in a 53-count indictment with drug conspiracy and firearm offenses in connection with the trafficking of methamphetamine and marijuana. Brown has filed a motion to sever his trial from that of his co-defendants, arguing that he will be unfairly prejudiced in a joint trial. For the reasons explained below, the motion is denied.

"When a defendant moves for severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8." *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005). Rule 8 provides, in pertinent part:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). Here, the indictment alleges that the defendants participated in various acts or transactions in furtherance of a single drug trafficking conspiracy. Hence, joinder is proper under Rule 8, and Brown does not dispute that fact. However, Brown argues that his trial should be severed under Federal Rule of Criminal Procedure 14.

"Even if joinder is proper under [Rule 8], the court still has discretion to sever under Rule 14." *Ruiz*, 412 F.3d at 886. Under that rule, "[i]f the joinder of offenses or defendants in an

indictment, an information, or a consolidation for trial appears to prejudice a defendant . . . , the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "Generally, 'persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together.'" *United States v. Lewis*, 557 F.3d 601, 609 (8th Cir. 2009) (quoting *United States v. Adkins*, 842 F.2d 210, 211 (8th Cir. 1988)). "When defendants are properly joined [under Rule 8], there is a strong presumption for their joint trial, as it gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome." *Id.* (internal quotations and citations omitted).

> The burden is on the defendant to show that he [would be] clearly prejudiced by the joint trial, and "it will be the rare case, if ever, where a district court should sever the trial of alleged coconspirators." [*United States v. Frazier,* 280 F.3d 835, 844 (8th Cir. 2002).] Severance is appropriate "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States,* 506 U.S. 534, 539, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993).

*United States v. Spotted Elk*, 548 F.3d 641, 658 (8th Cir. 2008).

Brown raises three sets of arguments that he will be prejudiced by a joint trial. First, he argues that there has been enormous pretrial publicity at the local and national levels through television, radio, newspaper, and internet media outlets that have labeled his co-defendants as "drug-dealers" and "accomplices" and him as their leader. Brown avers that an internet search for "Blytheville Drug Bust" returns over 100 results. Further, Brown argues that the media's confusion of his identity and role with those of his co-defendant, Kenneth Brown, Sr., will subject him to guilt by association. The government responds that Brown fails to cite or attach any media report as an example of the prejudicial publicity and that he never explains how severing his trial will mitigate that prejudice. The government further argues that it is disingenuous of Brown to suggest that every story

2

returned in an internet search for "Blytheville Drug Bust" refers to his conspiracy. The government contends that there have been numerous "drug busts" in the city of Blytheville in 2013 alone and that Brown's drug bust was only one of them. Finally, the government argues that any unfair prejudice caused by publicity can be mitigated by standard jury instructions.

Brown has not met his burden of showing a serious risk that pretrial publicity will prejudice him in a joint trial. *See United States v. Mann*, 685 F.3d 714, 719 (8th Cir. 2012) (declining to reverse the district court's denial of the defendant's motion to sever where the defendant argued that he would be prejudiced by extensive and biased media coverage and the severity, complexity, and emotional nature of the charges, and where the court gave careful instructions to the jury to consider each defendant and each count individually).

Brown next argues that if one of the defendants chooses to testify while others choose to invoke their Fifth Amendment rights, then the testimony of the one defendant will be prejudicial to the others. He argues that during trial statements will be attributed to Kenneth Brown, Sr. that may contain information about him. Furthermore, he argues that his right to call the other defendants as witnesses to contradict statements made against him will conflict with his Fifth Amendment right against self-incrimination. The government responds that Brown fails to explain how these rights will come into conflict. It argues that Brown's Fifth Amendment rights will not be infringed because he will not be compelled to testify in order to challenge statements made against him. The government contends that Brown will have every opportunity, through counsel, to challenge and cross-examine any witness who makes statements against him and to put on any admissible evidence that he chooses.

The government is correct that Brown has failed to articulate how his rights might be prejudiced in a joint trial. Thus, he has not met his burden of showing prejudice. *See United States*

*v. Billups*, 442 F. Supp. 2d 697, 706 (D. Minn. 2006) (denying a defendant's motion for severance where the motion was based on purely speculative grounds that a defendant's right to confront his accusers might be violated by the admission of recorded statements made by a co-defendant); *see also United States v. Mickelson*, 378 F.3d 810, 818 (8th Cir. 2004) ("Severance is not required merely because evidence that is admissible only against some defendants may be damaging to others.").

Brown's last set of arguments is that there is a serious risk that the jury will be unable to make a reliable determination of his innocence or guilt in a joint trial because the jury will face unreasonable difficulty in attributing particular actions and charges to particular defendants. Brown contends that he is not charged in counts 7 to 15, 17 to 22 and 24 to 53 of the indictment and that the evidence against each defendant differ from those against the others.[1] Brown further argues that he will be prejudiced by the fact that he and Kenneth Brown, Sr. share the same name. These contentions all fail to establish prejudice. *See Lewis*, 557 F.3d at 610-11 (holding that the district court's denial of the defendant's motion to sever was not plain error where the defendant argued that the jury was unable to compartmentalize the evidence and that the evidence against him was less damaging than that against his co-defendant); *United States v. Boone*, 437 F.3d 829, 838 (8th Cir. 2006) (Stating that "[w]here multiple defendants are tried together, the risk of undue prejudice is best cured through cautionary instructions to the jury." (citing *Mickelson*, 378 F.3d at 817)); *United States v. Guerrerio*, 670 F. Supp. 1215, 1222 (S.D.N.Y. 1987) (holding that severance was not warranted where Robert Guerrerio, Jr., was named as a co-conspirator along with several family members, including Robert Guerrerio, Sr., and where the court could give limiting instructions to the jury).

---

[1] Brown's argument omits that he is charged in count 11.

**CONCLUSION**

Brown's arguments regarding pretrial publicity, the abstract possibility of conflicting rights, and the possibility of juror confusion fall short of meeting his burden of showing that this is the "rare case . . . where a district court should sever the trial of alleged coconspirators." *Spotted Elk*, 548 F.3d at 658 (quotations and citations omitted). Consequently, Brown's motion to sever is denied. Document #117.

IT IS SO ORDERED this 8th day of October, 2013.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE